T-10104

FILED _____ LODGED
_____ RECEIVED

OCT 03 2012

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

12-CV-05880-CMP

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

HEATHER F LUKASHIN
& IGOR LUKASHIN

                                          Plaintiffs

        vs.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,
& K. C. HAWTHORNE,
& ROBIN WARD

                                          Defendants,

NO. C12-5880 RBL

COMPLAINT

**Parties to this Complaint:**

| | |
|---|---|
| Plaintiffs' Names, Address, and Phone Number | HEATHER F LUKASHIN & IGOR LUKASHIN 3007 FRENCH ROAD NW OLYMPIA, WA 98502 (360) 447 8837 |
| Defendant's Name, Address, and Phone Number | ALLIANCEONE RECEIVABLES MANAGEMENT, INC. 6565 KIMBALL DR STE 200 GIG HARBOR, WA 98335-1206 (253) 620-2222 |
| Defendant's Name, Address, and Phone Number | K. C. HAWTHORNE 6565 KIMBALL DR STE 200 GIG HARBOR, WA 98335-1206 (253) 620-2222 |
| Defendant's Name, Address, and Phone Number | ROBIN WARD 6565 KIMBALL DR STE 200 GIG HARBOR, WA 98335-1206 (253) 620-2222 |

                              IGOR LUKASHIN
                         3007 FRENCH RD NW
                         OLYMPIA, WA 98502
                            (360) 447-8837

**Statement of Claim:**

Plaintiffs, Heather F Lukashin and Igor Lukashin, proceeding pro se, allege as follows:

## JURISDICTION AND VENUE

1. This is an action arising under the Fair Debt Collection Practices Act ("FDCPA"), 15. U.S.C. §§ 1692–1692p, as well as Washington Collection Agency Act ("WCAA") RCW 19.16 and Washington Consumer Protection Act ("WCPA") RCW 19.86 to obtain monetary civil damages, a permanent injunction, restitution, disgorgement, and other equitable relief for Defendants' violations of the FDCPA, the WCAA, and the WCPA.

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), and 1355, as well as under 15 U.S.C. §§ 1692k.

3. Venue is proper in the United States District Court for the Western District of Washington under 28 U.S.C. §§ 1391(b)–(c) and 1395(a).

## PLAINTIFFS

4. This action is brought by Heather F Lukashin ("HFL") and Igor Lukashin ("IL"), who are both consumers residing in Olympia, Thurston County, Washington, and arises from acts or practices of the Defendants associated with attempted collection of alleged debt allegedly incurred by the Plaintiffs on the City of Olympia residential utility account (Customer ID 97616), including but not limited to the acts or practices associated with the case No. 00091512 in Thurston County District Court ("the TCDC case") that was filed and is being prosecuted by the First Named Defendant, which acts or practices the Plaintiffs believe subject the Defendants to civil liability under 15 U.S.C. §§ 1692k and Washington Collection Agency Act (RCW 19.16) that impose duties upon debt collectors.

## DEFENDANTS

5. First Named Defendant, **AllianceOne Receivables Management, Inc.** ("ARMI") is a Delaware

corporation with its principal place of business in Washington State located at 6565 KIMBALL DR STE 200, GIG HARBOR, WA 98335-1206. At all times relevant to this Complaint, ARMI has transacted business in this District.

6. ARMI is a "debt collector" as defined in Section 803(6) of the FDCPA 15 U.S.C. §§ 1692a(6). As such, ARMI is a person or entity subject to the provisions of 15 U.S.C. §§ 1692 et seq, which imposes a series of duties and prohibitions upon a debt collector. In addition, ARMI is a "collection agency" and a "licensee" as defined in the WCAA, and is subject to the provisions of RCW 19.16, which imposes a series of duties and prohibitions upon a "collection agency" and/or a "licensee", including the prohibited practices listed in RCW 19.16.250.

7. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C. §§ 1692(5).

8. **K. C. Hawthorne** ("KCH") is an in-house counsel at ARMI. KCH is a "debt collector" as defined in Section 803(6) of the FDCPA 15 U.S.C. §§ 1692a(6). As such, KCH is a person or entity subject to the provisions of 15 U.S.C. §§ 1692 et seq, which imposes a series of duties and prohibitions upon a debt collector. In addition, KCH is "an employee of a licensee" as referred to in the WCAA, and is subject to the provisions of RCW 19.16, which imposes a series of duties and prohibitions upon an "employee of a licensee", including the prohibited practices listed in RCW 19.16.250.

9. **Robin Ward** ("Ward") is a legal department supervisor at ARMI. Ward is a "debt collector" as defined in Section 803(6) of the FDCPA 15 U.S.C. §§ 1692a(6). As such, Ward is a person or entity subject to the provisions of 15 U.S.C. §§ 1692 et seq, which imposes a series of duties and prohibitions upon a debt collector. In addition, Ward is "an employee of a licensee" as referred to in the WCAA, and is subject to the provisions of RCW 19.16, which imposes a series of duties and prohibitions upon an "employee of a licensee", including the prohibited practices listed in

RCW 19.16.250.

## DEFENDANTS' BUSINESS PRACTICES

### Background on Defendants' Collection practices

10. At all times material, ARMI was a sole contractor under the 2005 Debt Collection Services contract No. 06204, subsequently known as No. 06806CA and No. 06909, original or as amended ("the 2005 Contract") with the State of Washington that expired on June 30, 2012.

11. In 1994, the City of Olympia and **Allied Credit Companies** ("ACC") entered into the Professional Services Contract dated May 13, 1994, which was amended via Addendum Page B in October of 1997 ("the 1994 Contract"). Clause X, "ASSIGNMENTS", of the 1994 Contract states:

> Neither party to this agreement shall assign this agreement, nor any interest, right, or responsibility arising herein, without the written consent of the other party; provided that the Agency may in its usual course of business, forward to other member agencies of the American Collector Association, individual accounts when deemed necessary by the Agency for effective collection (e.g. when debtors reside outside of the Northwest region). (emphasis added)

12. Effective December 31, 2001, ARMI was the surviving legal entity after a merger of the Collection Services Division completed by AllianceOne, Inc., with Allied Credit Companies ceasing to exist as a legal entity as of that date.

13. ARMI asserted use of any specific written contract under which the City of Olympia, the underlying original creditor ("UOC") assigned the alleged debt to ARMI on December 16, 2010, for the first time in April of 2012, at which time it claimed, in a sworn declaration signed by Ward on April 3, 2012, in Paragraph 6, that:

> Allied Credit Companies and AllianceOne Receivables Management Inc., merged into a single corporation at the end of 2001. Allied Credit Companies has assigned all its rights and liabilities to AllianceOne Receivables Management Inc., including rights and liabilities in connection with the Professional Services Contract dated May 13, 1994. (emphasis added)

No written consent of the other party required under Clause X of the 1994 Contract was provided.

COMPLAINT                              PAGE **4** OF **15**                    IGOR LUKASHIN
                                                                          3007 FRENCH RD NW
                                                                          OLYMPIA, WA 98502
                                                                            (360) 447-8837

14. On December 2, 2011, City of Olympia, in response to HFL's November 17, 2012 Washington

Public Records Act (WPRA) RCW 42.56 request for:

> 1. Copy of the City of Olympia's contract with ALLIANCEONE Receivables Management (PO BOX 2249, Gig Harbor, WA 98335) valid as of December 16, 2010, **and a copy of the current contract (if a new contract has been signed since then).**

provided the following statement(s), in relevant part:

> Item 1) Copy of contract with Alliance One and the State of Washington and contract amendment Please note that the amendment extended the contract to 8/12/10. A new amendment has not been signed since then, but the City is still operating under these contract terms.

while enclosing a copy of the 2005 contract No. 06204 and a copy of Contract Amendment No. 03 to

Contract No. 06806CA extending the state master contract 06806CA (formerly # 06204) through

8/12/2010.

15. Business records ARMI maintains contain multiple material inaccuracies, as evidenced by the

record in the TCDC case. ARMI, KCH, and Ward have repeatedly unreasonably relied on ARMI

business records, resulting in recurring material misrepresentations of facts, including within sworn

declarations.

16. On October 4, 2011, both KCH and Ward signed documents subsequently filed in the TCDC

case to be considered during October 6, 2011 summary judgment hearing, misrepresenting the fact as

to who made the $532.85 payment in January 2011 to the City of Olympia on the subject utility

account, even though ARMI was aware, as evidenced by the email exchange between **Tera Cappa-**

**Bachaud** ("TCB") of ARMI and Bill Sampson of the City of Olympia, **on the same date, October 4,**

**2011,** that the payment was made on January 6, 2011, and was made by an escrow company, and not

by one of the Plaintiffs in the instant action, as both KCH and Ward represented in the documents filed

in the TCDC case.

COMPLAINT                      PAGE **5** OF **15**                      IGOR LUKASHIN
                                                                      3007 FRENCH RD NW
                                                                      OLYMPIA, WA 98502
                                                                      (360) 447-8837

17. Ward's sworn declaration further misrepresented both the date and the content of the City of Olympia's email to ARMI regarding the payment received on the subject account, as the TCDC case file clearly establishes. In particular, Paragraph 5 of Ward's October 4, 2011, sworn declaration states, in part:

"**01-10-11**    Client e-mailed Plaintiff that Defendant paid $532.85 direct payment",

while the actual email referred to by Ward was from Bill Sampson to TCB, sent on Friday, January 07, 2011, 7:16 AM, with the subject line of "Pmts Rec'd", and the body of the email, excluding salutation and signature block, containing only the following sentence: "Utility payments received yesterday at the city.", attaching a file named "UT430L (3).pdf". No specific evidence of a January 10, 2011 email from UOC to ARMI making an affirmative statement that it was the "Defendant" (which would be one of the Plaintiffs in this case) who "paid $532.85" direct payment was ever produced by ARMI or the UOC within the scope of the TCDC case.

18. Whether a defendant in a debt collection lawsuit has made any payment toward the alleged debt is material under the **"account stated" doctrine**, as well as under Washington's RCW 4.84.015.

19. Within the scope of the TCDC case, ARMI, with KCH being the undersigned attorney throughout the TCDC case, noted its Motion for Summary Judgment for a hearing on October 06, 2011, signed by KCH on August 18, 2011.

20. The proposed judgment summary listed Item 3, Assigned amounts, as $799.28, and Item 4, Pre-Judgment Interest, as $22.50, even though the Assignment and Certification of Debt, signed by William D. Sampson representing the City of Olympia on April 13, 2011 ("the ASD"), lists Assigned Amount as $532.85, Add on or collection fee as $266.43, and additional interest amount of 14.62.

21. In order to be able to assess and/or attempt to collect the WCAA RCW 19.16.500 collection fee, ARMI needed to prove both that the City of Olympia has retained ARMI, a collection agency, by

written contract, as required by RCW 19.16.500(1)(a) for the purpose of collecting public debts, as well as produce an agreement between City of Olympia and ARMI specifying "the amount to be paid for collection services" under RCW 19.16.500(1)(b).

22. In order to be able to assess and/or attempt to collect any interest on the alleged principal amount, ARMI needed to provide explicit legal authority authorizing such attempted collection and explain how it arrived at the interest amounts claimed.

23. The 2005 Contract provided, in the LETTER OF UNDERSTANDING SECTION, that:

> If a State Agency wants to transfer the costs of collection to the debtor (per RCW 19.16.500), Contractor and State Agency must complete Attachment D, draft of the Letter of Understanding, before accounts can be turned over to the Contractor. (emphasis added)

24. Despite the Plaintiffs' PRA requests to the City of Olympia and Interrogatories / Requests for Production to ARMI, no relevant Attachment D (also known as Letter of Understanding) has been ever produced by either the City of Olympia or ARMI to date.

25. As of the date of the October 06, 2011 summary judgment motion hearing, ARMI has not produced an agreement between ARMI and the City of Olympia required by RCW 19.16.500(1)(b) that would have established ARMI's right to collect or attempt to collect the fee for collection services in the amount of $266.43 (representing 50% of $532.85, the assigned amount) for the purposes of both the FDCPA and RCW 19.16.250.

## Suspect Account Data

26. ARMI and/or KCH and/or Ward learned early on, prior to the October 06, 2011 date of its noted summary judgment motion, that the Plaintiffs disputed both the alleged debt and the allegation that they made (or caused to be made) the $532.85 payment to the City of Olympia on HFL's utility account for the 404 OSOBERRY ST NW, OLYMPIA, WASHINGTON 98502 address ("the subject address", or "the subject property"). Furthermore, ARMI and/or KCH and/or Ward learned, prior to

COMPLAINT                              PAGE **7** OF **15**                    IGOR LUKASHIN
                                                                              3007 FRENCH RD NW
                                                                              OLYMPIA, WA 98502
                                                                              (360) 447-8837

October 06, 2011, of the Reprint of Customer Receipt attached as Exhibit DE6 to Addendum to Sworn Declaration by HFL filed with the court on September 28, 2012, which clearly indicated that the $532.85 payment was made by "DOCU-FILE ESCROW", and it represented a part of a single payment (CK Ref#: 2391) in the amount of $601.53 for the same Location ID 53689 and two different Customer IDs, 97616, and 103244, with the latter customer identified in the receipt as "FDIC AS RECEIVER OF".

27. ARMI and/or KCH and/or Ward also learned, including through judicial admissions by IL, that Plaintiffs never owned the subject property and that Plaintiffs have not resided nor had any control over the subject property at any time during July 2010, August 2010, or September 2010, during which time periods the City of Olympia has alleged that a substantial amount of the principal debt has been incurred.

28. ARMI and/or KCH and/or Ward also learned, no later than when Plaintiffs served their responses to ARMI's first interrogatories / requests for production, that HFL contacted the City of Olympia by phone on June 16, 2010 and requested that utility services be disconnected on June 19, 2010.

29. Thus, ARMI and/or KCH and/or Ward has had reasons to doubt the reliability of the subject utility account data assigned by the City of Olympia to ARMI, as it has been brought to ARMI's and/or KCH's and/or Ward's attention that HFL's obligation to pay for the utility services provided by the City of Olympia at the subject address was terminated earlier than the date of actual disconnection of service on the subject utility account.

30. Where, as in the case of collections for HFL's alleged unpaid utility account, ARMI or KCH or Ward had reason to know that the initial account data provided by the underlying original creditor is unreliable, ARMI or KCH or Ward lacks a reasonable basis to rely solely on the underlying original

creditor's contractual warranties of accuracy or subsequent sworn declarations by the UOC based on

the same account data when representing to consumers that they owe debts for such accounts.

### RELEVANT WASHINGTON STATUTES

31. RCW 19.16.250 (Prohibited practices), states, in relevant part, that:

> No licensee or employee of a licensee shall:
> [...]
> (15) Communicate with the debtor and represent or imply that <u>the existing obligation of the
> debtor may be or has been increased by the addition of attorney fees, investigation fees, service
> fees, or any other fees or charges when in fact such fees or charges may not legally be added to
> the existing obligation of such debtor.</u>[...]
> (21) <u>Collect or attempt to collect in addition to the principal amount of a claim any sum other
> than allowable interest, collection costs or handling fees expressly authorized by statute,</u> and, in
> the case of suit, attorney's fees and taxable court costs. [...] (portions omitted, emphasis added)

32. RCW 19.16.440 states, in relevant part, that:

> [T]he commission by a licensee or an employee of a licensee of an act or practice prohibited by
> RCW 19.16.250 are declared to be unfair acts or practices or unfair methods of competition in
> the conduct of trade or commerce for the purpose of the application of the Consumer Protection
> Act found in chapter 19.86 RCW. (portion omitted)

33. RCW 19.16.450 states:

> <u>If an act or practice in violation of RCW 19.16.250 is committed by a licensee or an employee
> of a licensee in the collection of a claim, neither the licensee, the customer of the licensee, nor
> any other person who may thereafter legally seek to collect on such claim shall ever be allowed
> to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or
> any other fees or charges otherwise legally chargeable to the debtor on such claim:</u>
> PROVIDED, That any person asserting the claim may nevertheless recover from the debtor the
> amount of the original claim or obligation. (emphasis added)

### FAIR DEBT COLLECTION PRACTICES ACT

31. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692–1692p, which became effective on

March 20, 1978, and has been in force since that date. Section 813 of the FDCPA, 15 U.S.C. §§ 1692k,

authorizes suits by consumers, as a result of any debt collector's failure to comply with any provision

of the FDCPA, to recover any actual damage sustained by such consumers as a result; additional damages as the court may allow but not exceeding $1,000; and in case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney fee as determined by the court.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Violations of Section 807 and Section 808

32. Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Section 807(2)(A), 15 U.S.C. §§ 1692e(2)(A), specifically prohibits the false representation of the character, amount, or legal status of any debt, while Section 807(10), 15 U.S.C. §§ 1692e(10), prohibits using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Section 808 of the FDCPA, 15 U.S.C. §§ 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt. Section 808(1) of the FDCPA, 15 U.S.C. §§ 1692f(1), specifically prohibits the collection of any amount including any interest, fee, charge, or expense incidental to the principal obligation unless such amount is expressly authorized by the agreement created the debt or permitted by law.

33. In numerous instances, in connection with the collection of the alleged debt of the Plaintiffs, including in prosecuting the TCDC case, ARMI, and/or KCH, and/or Ward, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and/or used unfair or unconscionable means to collect or attempt to collect any debt, in violation of Section 808 of the FDCPA, 15 U.S.C. §§ 1692f, including, but not limited to, the following:

a. In numerous instances, ARMI, and/or KCH, and/or Ward, directly or indirectly, have

1  used false representations concerning the character, amount, or legal status of the

2  Plaintiffs' debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C.

3  §§ 1692e(2)(A);

4  b. In numerous instances, ARMI, and/or KCH, and/or Ward, directly or indirectly, have

5  used false representations or deceptive means to collect or attempt to collect the

6  Plaintiffs' debt, in violation of Section 807(10) of the FDCPA, 15 U.S.C. §§ 1692e(10);

7  c. In numerous instances, ARMI, and/or KCH, and/or Ward, directly or indirectly, have

8  used unfair or unconscionable means to collect or attempt to collect the Plaintiffs' debt,

9  in violation of Section 808(1) of the FDCPA, 15 U.S.C. §§ 1692f(1).

10  34. The acts and practices alleged in Paragraph 33 constitute violations of Section 807 of the

11  FDCPA, 15 U.S.C. §§ 1692e or Section 808 of the FDCPA, 15 U.S.C. §§ 1692f. Pursuant to Section

12  814(a) of the FDCPA, 15 U.S.C. §§ 1692l(a), the acts and practices alleged in Paragraph 33 also

13  constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C.

14  §§ 45(a).

### INJUNCTION FOR VIOLATIONS OF THE FTC ACT AND FDCPA

35. This Court is authorized to issue a permanent injunction to ensure that ARMI, and/or KCH,

and/or Ward will not continue to violate the FTC Act and the FDCPA.

### EQUITABLE RELIEF FOR VIOLATIONS OF THE FTC ACT AND FDCPA

36. This Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in

the enforcement of the FTC Act and the FDCPA, including the ability to order rescission or

reformation of contracts, restitutions, the refund of monies paid, and disgorgement to deprive a

wrongdoer of ill-gotten gain, as well as awarding monetary civil damages to the Plaintiffs.

///

1

## CIVIL DAMAGES FOR VIOLATIONS OF THE FDCPA

2

37. Section 813 of the FDCPA, 15 U.S.C. §§ 1692k, authorizes the Court to award monetary

3

damages for violations of the FDCPA.

4

38. Each instance in which either ARMI or KCH or Ward have failed to comply with the FDCPA in

5

6 one or more ways described above constitutes a separate violation of the FDCPA for the purpose of

7 assessing monetary civil damages with respect to each of the Plaintiffs. Each of the Plaintiffs seeks

8 separate monetary civil damages for every separate violation of the FDCPA from each specified

9 Defendant.

10

## CIVIL DAMAGES FOR VIOLATIONS OF THE WCAA/WCPA

11

12 39. A violation of any of the prohibited practices listed in RCW 19.16.250 is a per se violation of

13 the WCPA (RCW 19.86) pursuant to RCW 19.16.440.

14

40. Some violations of Section 807(2)(A) of the FDCPA, 15 U.S.C. §§ 1692e(2)(A), are also

15 violations of RCW 19.16.250(15).

16

41. Some violations of Section 807(10) of the FDCPA, 15 U.S.C. §§ 1692e(10) are also violations

17

18 of RCW 19.16.250(21).

19 42. Violations of Section 808(1) of the FDCPA, 15 U.S.C. §§ 1692f(1) are also violations of

20 RCW 19.16.250(21).

21 43. Given that the principal amount of the original alleged debt of the Plaintiffs to the City of

22 Olympia has been paid in full by a third party unrelated to the Plaintiffs on January 06, 2011, should

23

24 the Court find a single violation of RCW 19.16.250 on the part of either ARMI or KCH or Ward, each

25 and every subsequent act or practice by either ARMI or KCH or Ward, irrespective of which one of the

26 Defendants committed a violation of RCW 19.16.250, in furtherance of attempting to collect the

27 alleged debt would constitute a violation of both RCW 19.16.250(21) and the FDCPA Section 808(1),

28

COMPLAINT                          PAGE **12** OF **15**                    IGOR LUKASHIN
                                                                            3007 FRENCH RD NW
                                                                            OLYMPIA, WA 98502
                                                                            (360) 447-8837

1   15 U.S.C. §§ 1692f(1), by operation of RCW 19.16.450, by such specific Defendant(s).

2   44. The WCPA (in RCW 19.86.090) permits the injured party to bring a civil action and authorizes

3   the Court to enjoin further violations, to recover actual damages, or both, together with the costs of the

4

5   suit, including a reasonable attorney fees. It further authorizes, at the Court's discretion, up to treble

6   damages, with the amount of treble damages not to exceed twenty-five thousand dollars.

7   45. In numerous instances, in connection with the collection of the alleged debt of the Plaintiffs,

8   including in prosecuting the TCDC case, ARMI, and/or KCH, and/or Ward have communicated with

9   the Plaintiffs and represented or implied that the existing obligation of the Plaintiffs may be or has

10  been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or

11

12  charges when in fact such fees or charges may not legally be added to the existing obligation the

13  Plaintiffs, in violation of RCW 19.16.250(15).

14  46. In numerous instances, in connection with the collection of the alleged debt of the Plaintiffs,

15  including in prosecuting the TCDC case, ARMI, and/or KCH, and/or Ward have communicated with

16  the Plaintiffs and attempted to collect in addition to the principal amount of a claim sums other than

17

18  allowable interest, collection costs or handling fees expressly authorized by statute, in violation of

19  RCW 19.16.250(21).

20  47. The acts and practices alleged in Paragraphs 45 and 46 constitute violations of RCW 19.16.250

21  Pursuant to the WCAA, specifically RCW 19.16.440, the acts and practices alleged in Paragraphs 45

22  and 46 also constitute unfair or deceptive acts or practices in violation of the WCPA (RCW 19.86).

23

24  48. The WCPA, in RCW 19.86.090, authorizes the Court to award monetary damages and costs of

25  suit, including reasonable attorney's fees, for violations of the RCW 19.16.250.

26  49. Each instance in which either ARMI or KCH or Ward have failed to comply with

27  RCW 19.16.250 in one or more ways described above constitutes a separate violation of the WCAA

28

COMPLAINT                          PAGE **13** OF **15**                         IGOR LUKASHIN
                                                                                 3007 FRENCH RD NW
                                                                                 OLYMPIA, WA 98502
                                                                                 (360) 447-8837

1   and the WCPA for the purpose of assessing monetary civil damages with respect to each of the

2   Plaintiffs. Each of the Plaintiffs seeks separate monetary civil damages for every separate violation of

3   RCW 19.16.250 from each specified Defendant.

4   **Relief requested:**

5

6                               **PRAYER FOR RELIEF**

7   **WHEREFORE,** the Plaintiffs, pursuant to 15 U.S.C. §§ 1692k, the WCAA (RCW 19.16), the WCPA

8   (RCW 19.86), and the Court's own equitable powers, respectfully request that the Court:

9       1. Enter a permanent injunction to prevent future violations of the FTC Act, the FDCPA, the

10  WCAA, and the WCPA by ARMI, KCH, and Ward.

11

12      2. Award such relief as the Court finds necessary to redress injury to consumers resulting from

13  Defendants' violations of the FTC Act, the FDCPA, the WCAA, and the WCPA, including but not

14  limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the

15  disgorgement of ill-gotten gains.

16

17      3. Award the Plaintiffs monetary civil damages for each violation of the FDCPA, the WCAA, and

18  the WCPA, as alleged in this complaint, including:

19          a. actual damages sustained by the Plaintiffs, including but not limited to emotional distress

20          and/or loss of enjoyment of life, in the amount to be determined by a trier of fact, with separate

21          recovery under the FDCPA and under the WCAA/WCPA;

22          b. for each FDCPA violation found to have been committed by the Defendant(s), additional

23          damages in the amount of $1,000 to each Plaintiff from each of the Defendants found to have

24          committed that specific violation;

25          c. for each RCW 19.16.250 violation by each specific Defendant, treble the actual damages

26

27          determined in a. above, as allowed and as limited by RCW 19.86.090.

28

COMPLAINT                          PAGE **14** OF **15**                 IGOR LUKASHIN
                                                                        3007 FRENCH RD NW
                                                                        OLYMPIA, WA 98502
                                                                        (360) 447-8837

1

4. Award the Plaintiffs the costs of bringing this action.

2

5. Award the Plaintiffs reasonable attorney's fee as determined by the Court, provided a licensed

3

attorney appears for one or both of the Plaintiffs at any time during this action.

4

6. Award the Plaintiffs such other and additional relief as the Court may determine to be just and

5

proper.

6

7

///

8

Signed this 3rd day of October, 2012, at Olympia, Washington.

9

10

11

12

*Heather F. Lukashin*

13

HEATHER F LUKASHIN, Plaintiff

14

15

16

*I. Lukashin*

17

18

IGOR LUKASHIN, Plaintiff

19

20

21

22

23

24

25

26

27

28

COMPLAINT                          **PAGE 15 OF 15**                          IGOR LUKASHIN
3007 FRENCH RD NW
OLYMPIA, WA 98502
(360) 447-8837